UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br><br>  Plaintiff,<br><br>  v.<br><br>INTERNAL REVENUE SERVICE, *et al.*,<br><br>  Defendants. | Civil Action No. 25-1585 (CRC) |

## DEPARTMENT OF EDUCATION'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant the U.S. Department of Education ("Department") respectfully submits this answer to Plaintiff American Oversight's Complaint, (ECF No. 1), in this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, case. The Departments responds solely to the allegations in this Complaint as they relate to the Department and not to the other defendants in this case.

## RESPONSES TO NUMBERED PARAGRAPHS

The Department responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below as it relates to the Department. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, the Department may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

The Department responds to the Complaint in like number paragraphs as follows:

# **COMPLAINT**[1]

1.      This paragraph consists of Plaintiff's characterization of this lawsuit and conclusions of law, to which no response is required. To the extent a response is required, the Department admits that Plaintiff brings this action under FOIA, seeking to compel the release of records responsive to a particular request for information that Plaintiff submitted to the Department. The Department denies that Plaintiff is entitled to any relief available under the Declaratory Judgment Act or to any relief whatsoever in this matter.

2.      To the extent the allegations seek to provide background facts in support of allegations of public interest, the Department admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

3.      To the extent the allegations seek to provide background facts in support of allegations of public interest, the Department admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth

---

[1] For ease of reference only, the Department's Answer replicates the headings contained in the Complaint. Although the Department believe that no response is required to such headings, to the extent a response is required and to the extent those headings could be construed to contain factual allegations, the Department denies those allegations.

claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

## JURISDICTION AND VENUE

4. This paragraph consists of conclusions of law regarding jurisdiction, to which no response is required. To the extent a response is required, the Department admits that this Court has jurisdiction over claims involving proper FOIA requests, subject to the terms, conditions, and limitations of the FOIA. The Department denies that the Declaratory Judgment Act affords this Court any independent source of federal jurisdiction and denies that this Court has jurisdiction over this action pursuant to that statute.

5. This paragraph consists of conclusions of law regarding venue, to which no response is required. To the extent a response is required, the Department admits that venue can be found in this judicial district.

6. This paragraph consists of conclusions of law and argument, to which no response is required. To the extent a response is required, the Department respectfully refers the Court to the FOIA provisions referenced in this paragraph for a full and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith. The Department denies that Plaintiff is entitled to the relief sought in this paragraph or to any relief whatsoever in this matter.

## PARTIES

7. This paragraph consists of Plaintiff's self-description, to which no response is required. The Department lacks knowledge as to the truth or falsity of the allegations contained in this paragraph and denies such allegations accordingly.

8. This paragraph consists of Plaintiff's description of Defendant Internal Revenue Service, to which no response from the Department is required.

9. This paragraph consists of Plaintiff's description of Defendant U.S. Department of Treasury, to which no response from the Department is required.

10. The Department admits the allegations in the first sentence of this paragraph. The Department lacks knowledge as to the truth or falsity of the allegations contained in the second sentence of this paragraph.

## STATEMENT OF FACTS

11. To the extent the allegations seek to provide background facts in support of allegations of public interest, the Department admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

12. To the extent the allegations seek to provide background facts in support of allegations of public interest, the Department admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

13. To the extent the allegations seek to provide background facts in support of allegations of public interest, the Department admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the

existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

14. To the extent the allegations seek to provide background facts in support of allegations of public interest, the Department admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

15. To the extent the allegations seek to provide background facts in support of allegations of public interest, the Department admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

16. To the extent the allegations seek to provide background facts in support of allegations of public interest, the Department admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth

claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

17. To the extent the allegations seek to provide background facts in support of allegations of public interest, the Department admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

18. To the extent the allegations seek to provide background facts in support of allegations of public interest, the Department admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

19. To the extent the allegations seek to provide background facts in support of allegations of public interest, the Department admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

20. To the extent the allegations seek to provide background facts in support of allegations of public interest, the Department admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

21. To the extent the allegations seek to provide background facts in support of allegations of public interest, the Department admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

22. To the extent the allegations seek to provide background facts in support of allegations of public interest, the Department admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

23. To the extent the allegations seek to provide background facts in support of allegations of public interest, the Department admits there may be some public interest in the

records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

24. The Department lacks knowledge as to the truth or falsity or the allegations in this paragraph and therefore denies such allegations accordingly.

### *IRS FOIA*

25.-37. Paragraphs 25-37 of the Complaint contain allegations directed to the IRS to which no response from the Department is required.

### *Education FOIA*

38. The Department admits that it received a FOIA request from Plaintiff dated April 17, 2025, but denies that it assigned it tracking number ED-1130. The Department avers that it assigned Plaintiff's April 17, 2025, FOIA Request tracking number 25-03381-F. The remaining allegations in this paragraph describe that FOIA request, to which no response is required. To the extent a response is required, the Department respectfully refers the Court to a copy of that April 17, 2025, FOIA Request for a full and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

39. The Department admits that Plaintiff's April 17, 2025, FOIA Request sought expedited processing and respectfully refers the Court to a copy of that expedited processing request contained in the April 17, 2025, FOIA Request for a full and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

40. This paragraph describes Plaintiff's expedited processing request to which no response is required. To the extent a response is required, the Department respectfully refers the Court to a copy of that expedited processing request contained in the April 17, 2025, FOIA Request for a full and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

41. The Department admits the allegations in this paragraph and respectfully refers the Court to a copy of its April 18, 2025, communication for its full and accurate contents.

42. The Department denies the allegations in this paragraph and avers that by letter dated May 15, 2025, the Department issued Plaintiff written notice of its right to extend time pursuant to 5 U.S.C. § 552(a)(6)(B)(i).

*Exhaustion of Administrative Remedies*

43. This paragraph contains conclusions of law and argument for which no response is required. To the extent a response is required, the Department denies the allegations in this paragraph as written and avers that by letter dated May 15, 2025, the Department issued Plaintiff written notice of its right to extend time pursuant to 5 U.S.C. § 552(a)(6)(B)(i). The Department, nonetheless, further avers that at the time of filing this Answer, the Department has not made a determination regarding its response to Plaintiff's April 17, 2025, FOIA request or produced any records. The Department respectfully refers the Court to the provisions under FOIA referenced in this paragraph and denies all allegations inconsistent therewith.

44. This paragraph contains conclusions of law and argument for which no response is required. To the extent a response is required, the Department denies.

45. This paragraph contains conclusions of law and argument for which no response is required. To the extent a response is required, the Department respectfully refers the Court to the

provisions under FOIA referenced in this paragraph and denies all allegations inconsistent therewith.

## COUNT I – as to all Defendants[2]

46. The Department incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

47. This paragraph contains conclusions of law and argument for which no response is required. To the extent a response is required, the Department lacks knowledge as to the truth or falsity of the allegations contained in this paragraph and denies such allegations accordingly.

48. The Department admits that it is an agency subject to and within the meaning of FOIA. The remaining allegations in this paragraph comprise conclusions of law and argument to which no response is required. To the extent a response is required, the Department respectfully refers the Court to the FOIA for a full and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

49. This paragraph contains conclusions of law and argument for which no response is required. To the extent a response is required, the Department denies the allegations in this paragraph.

50. This paragraph contains conclusions of law and argument for which no response is required. To the extent a response is required, the Department denies the allegations in this paragraph.

51. This paragraph contains conclusions of law and argument for which no response is required. To the extent a response is required, the Department denies the allegations in this

---

[2] As previously stated in this Answer, the Department responds to the allegations in this Complaint as they relate to the Department only.

paragraph and denies that Plaintiff is entitled to the relief requested herein and to any relief whatsoever.

## COUNT II – as to all Defendants[3]

52. The Department incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

53. This paragraph contains conclusions of law and argument for which no response is required. To the extent a response is required, the Department lacks knowledge as to the truth or falsity of the allegations contained in this paragraph and denies such allegations accordingly.

54. This paragraph contains conclusions of law and argument for which no response is required. To the extent a response is required, the Department denies the allegations in this paragraph.

55. This paragraph contains conclusions of law and argument for which no response is required. To the extent a response is required, the Department denies the allegations in this paragraph.

56. This paragraph contains conclusions of law and argument for which no response is required. To the extent a response is required, the Department denies the allegations in this paragraph.

57. This paragraph contains conclusions of law and argument for which no response is required. To the extent a response is required, the Department denies the allegations in this paragraph.

---

[3] As previously stated in this Answer, the Department responds to the allegations in this Complaint as they relate to the Department only.

58. This paragraph contains conclusions of law and argument for which no response is required. To the extent a response is required, the Department denies the allegations in this paragraph and denies that Plaintiff is entitled to the relief requested herein and to any relief whatsoever.

## COUNT III – as to Defendant Education

59. The Department incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

60. The Department admits that it is an agency subject to FOIA. The remaining allegations in this paragraph contain conclusions of law and argument for which no response is required. To the extent a response is required, the Department respectfully refers the Court to the FOIA for its full and accurate contents and deny all allegations in this paragraph inconsistent therewith.

61. This paragraph contains conclusions of law and argument to which no response is required. To the extent a response is required, the Department denies the allegations in this paragraph and denies that Plaintiff is entitled to the relief requested herein or to any relief whatsoever.

## REQUESTED RELIEF

The remainder of Plaintiff's Complaint, including subparagraphs (1)-(6) contains Plaintiff's request for relief to which no response is required. To the extent a response is required, the Department denies that Plaintiff is entitled to the relief requested in this section, elsewhere in the Complaint, or to any relief whatsoever.

## DEFENSES

In asserting these defenses, the Department does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff. The Department respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of the litigation.

### FIRST DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA. *See* 5 U.S.C. § 552.

### SECOND DEFENSE

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions enumerated in the FOIA the release of which would cause foreseeable harm, 5 U.S.C. § 552(b).

### THIRD DEFENSE

Plaintiff is not entitled to attorneys' fees and costs.

### FOURTH DEFENSE

Plaintiff is not entitled to declaratory relief. 5 U.S.C. § 552(a)(4)(B).

### FIFTH DEFENSE

Plaintiff has failed to exhaust its administrative remedies.

### SIXTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of the Department's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court

should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

Dated: July 23, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:     /s/ *Anna D. Walker*
ANNA D. WALKER
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2544

*Attorneys for the Department of Education*