IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br><br>*Plaintiff*,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-1585 (CRC) |

**OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY**

Defendants the Internal Revenue Service and the Department of the Treasury ("***Defendants***") respectfully ask this Court to deny Plaintiff's motion for leave to file a surreply.

**ARGUMENT**

Courts have held that an agency faced with a FOIA request need not conduct a search for records pertaining to third parties where those records are categorically exempt from disclosure. *See, e.g.*, *Boyd v. EOUSA*, 2016 WL 6237850, at *1 (D.C. Cir. Sept. 16, 2016). Under this principle, Defendants filed a fifteen-page motion to dismiss Plaintiff's claims against them. (Doc. 7.) In their motion, Defendants argued that Plaintiff "framed its request in such a way" that any agency response would violate 26 U.S.C. § 6103's prohibition on disclosing tax return information. (Doc. 7 at 7, 10.) In a thirty-page response, Plaintiff argued that its "request does not facially seek … return information," but instead seeks an amalgam of obscure items entirely untethered from the request's stated purpose. (Doc. 10 at 2.) In reply, to counter this argument, Defendants quoted language from the face of Plaintiff's FOIA request. (Doc. 12.) Desperate to get the last word, Plaintiff now asks this Court for leave to file a surreply.

But "[s]urreplies are generally disfavored" in this Court. *Doe v. Roman Cath. Diocese of Greensburg*, No. CV 20-1750 (EGS), 2021 WL 12137383 (D.D.C. Feb. 12, 2021). Indeed, "the Local Rules do not authorize surreplies." *Baptist Mem'l Hosp. v. Sebelius*, 765 F. Supp. 2d 20, 31 (D.D.C. 2011) (citing Local Civil Rule 7(b)). Instead, "[t]he decision to grant or deny leave to file a surreply is committed to the sound discretion of the court." *Id*. (citation omitted).

I.      There are no grounds to justify a surreply here.

To justify a surreply, Plaintiff argues that Defendants raised a "new issue" in their reply brief. (ECF No. 13 at 1.) "A surreply is most appropriate where the new matter introduced is factual." *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am.*, 238 F. Supp. 2d 270, 277 (D.D.C. 2002). But Plaintiff does not argue that Defendants raised a new factual matter. Thus, a surreply is only appropriate here if Defendants' reply contained material "that goes beyond the dispute as framed by the motion and plaintiff's opposition." *Simms v. Ctr. for Corr. Health & Pol'y Stud.*, 794 F. Supp. 2d 173, n. 7 (D.D.C. 2011). But where, like here, "the arguments made by Defendants in their reply brief are merely responses to new arguments made by Plaintiffs in their response, a sur-reply is not appropriate." *EEOC v. Freeman*, 961 F. Supp. 2d 783 (D. Md. 2013) (internal quotation omitted).

Defendants' reply merely addressed the argument raised in Plaintiff's opposition (*i.e.*, that its request does not facially seek return information) by pointing to the face of Plaintiff's FOIA request. In its opposition, Plaintiff argued that its request about an investigation into Harvard's tax-exempt status was in fact not seeking information about an investigation into Harvard's tax-exempt status. The complained-of section of Defendants' reply simply rebuts that argument by citing to Plaintiff's complaint. "Courts consistently observe, when arguments raised for the first time in reply fall 'within the scope of the matters [the opposing party] raised in opposition,' and

2

the reply 'does not expand the scope of the issues presented, leave to file a surreply will rarely be appropriate.'" *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 188 (D.D.C. 2012) (quoting *Crummey v. Social Sec. Admin.*, 794 F. Supp. 2d 46, 63 (D.D.C.2011), *aff'd*, 2012 WL 556317 (D.C. Cir. Feb. 6, 2012)). If the opposing party's reply merely raises issues that the parties already have addressed or had the opportunity to address, no surreply should be permitted. *See Commodity Futures Trading Comm'n v. Whitney*, 441 F. Supp. 2d 61, 73 (D.D.C. 2006). Defendants' reply appropriately responded to arguments raised by Plaintiff and thus does not permit a surreply.

In their reply, Defendants merely continued the argument introduced in the opening brief—that Plaintiff's request was "framed" in such a way that any response by IRS would violate section 6103—which does not expand the scope of the issues presented. Plaintiff had the opportunity to address this issue in its response—and it did, by presenting hypothetical examples of material that Plaintiff posited might not violate section 6103. Thus, Defendants' reply did not expand the scope of issues and no surreply should be permitted. *See Banner Health*, 905 F. Supp. at 188; *Whitney*, 441 F. Supp. at 73.

Because Defendants' reply brief was appropriately cabined to respond to arguments raised in Plaintiff's response and Plaintiff does not argue that new facts were introduced on reply, the only potential ground for a surreply here is the single new case citation in Defendants' reply. But that is not enough. *See Pogue*, 238 F. Supp. at 227 (doubting that introduction of case law on reply "can ever be 'new matter' so as to permit the filing of a surreply[.]"). Plaintiff has failed to establish grounds for its proposed surreply and the motion has been fully briefed without it. A surreply is inappropriate here. *Shea v. Clinton*, No. 02-577 (RCL), 2012 WL 13075787, at *1 (D.D.C. Dec. 7, 2012) (Lamberth, J.) ("Where the movant's reply does not expand the scope of

3

the issues presented, leave to file a surreply will rarely be appropriate. Otherwise, briefing would become an endless pursuit.") (citing *Crummey*, F. Supp. 2d at 63).

## II.     The Court should exercise its discretion to deny Plaintiff's motion for leave.

The Court should deny Plaintiff's motion. First, as explained above, Plaintiff fails to identify any new matter raised in Defendants' reply. Further, despite its claims that the surreply is necessary to address how an agency can interpret the scope of a FOIA request and is "narrowly tailored to address IRS's newly raised legal argument" (Doc. 13 at 2), Plaintiff actually uses its proposed surreply to continue the parade of hypotheticals it began in its response.

Defendants demonstrated in their reply why Plaintiff's proffered hypotheticals would not constitute responsive, non-exempt material. Apparently as a last-ditch effort to avoid dismissal, Plaintiff attempts to use its proposed surreply to advance additional hypotheticals. For example, Plaintiff argues that "a hypothetical email from the White House Office to one of the IRS officials … that says 'The president has directed you to revoke the 501(c)(3) status of any well-endowed private university where a majority of the professors or students oppose the president's political priorities' would be responsive and non-exempt." (*Id*. at n. 3.) But such an email – if it existed – would still constitute confidential return information prohibited from disclosure under section 6103. Under the law of this Circuit, an investigation into an organization's tax-exempt status is return information protected by the statute. And the Supreme Court has held that lack of identifiers in a record does not remove it from the definition of return information. *Church of Scientology of Calif. v. IRS*, 484 U.S. 9 (1987). Further, Plaintiff's hypothetical email describes an extremely narrow subset of taxpayers whose identities (which constitute return information) could easily be discerned. Thus, Defendants could not disclose such an email in any event. *See, e.g.*, *Solers, Inc. v. IRS*, 827 F.3d 321 (4th Cir. 2016).

In addition to being legally incorrect, Plaintiff's proposed surreply ironically commits the same sin it claims to seek to correct: it raises new (albeit hypothetical) matters to which the opposing party had no opportunity to respond. Importantly, this illustrates why the Court should deny Plaintiff's motion – in continuing to envision new hypothetical materials, Plaintiff's proposed surreply has now justified a motion by Defendants for leave to file a "sur-surreply." As this Court has previously warned, granting Plaintiff's motion will allow briefing to become "an endless pursuit." *Shea*, 2012 WL 13075787, at *1. The Court should deny Plaintiff's request.

Plaintiff has built a credibility deficit through its briefing. First by claiming that its FOIA request does not seek information about Harvard's tax-exempt status. Then by inserting a new matter into a surreply purportedly necessary to address a different matter. And finally, by arguing that a surreply is necessary here lest its counsel face professional discipline due to a stray adjective in the reply describing Plaintiff's hypotheticals. Notably, Plaintiff's counsel inexplicably failed to mention this basis for a surreply in their "meet and confer" with Defendants' counsel, despite an invitation to present alternative grounds. **Exhibit A**, *Plaintiff's Meet & Confer Email*. This reveals the true nature of that purported basis: a last-minute attempt to justify a surreply. If the shoe fits, Plaintiff may wear it—but it should not be permitted to use it as an excuse to clog this Court's docket with unnecessary briefing.

## CONCLUSION

Plaintiff has failed to identify a new issue raised in Defendants' reply to which Plaintiff could not have responded. Thus, the Court should deny Plaintiff's motion and disregard the proposed surreply.

*[signature page follows]*

Dated: September 5, 2025 Respectfully submitted,

*/s/ Robert J. Atras*
ROBERT J. ATRAS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
(202) 598-3738
Robert.J.Atras@usdoj.gov
*Counsel for Internal Revenue Service*
