#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT, )<br>    *Plaintiff*, )<br> )<br>    v. )<br> )<br>INTERNAL REVENUE SERVICE, )<br>U.S. DEPARTMENT OF THE TREASURY, )<br>And U.S. DEPARTMENT OF EDUCATION, )<br>    *Defendants*. )<br>_____ ) | Civil Action No. 1:25-cv-01585-CRC<br>Judge Christopher R. Cooper |

### INTERNAL REVENUE SERVICE AND DEPARTMENT OF THE TREASURY'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendants the Internal Revenue Service (the "***Service***") and Department of the Treasury (together with the Service, "***Defendants***")[1] answer the allegations set forth in the Freedom of Information Act ("***FOIA***") complaint of American Oversight ("***Plaintiff***") as follows.

All allegations not specifically admitted are denied. *See* Fed. R. Civ. P. 8(b)(3). Plaintiff's complaint includes excessive footnotes to external sources and documents. Defendants' answers to allegations containing such footnotes are not an admission that the cited materials are correctly cited or quoted by Plaintiff, relevant to this action, or admissible in this action. The headings contained herein are taken from the complaint.

### COMPLAINT

1. Paragraph 1 consists of Plaintiff's characterization of this lawsuit to which no response is required. To the extent a response is required, Defendants admit that Plaintiff brought this action under the FOIA but denies that Plaintiff is entitled to the relief it seeks.

---

[1] References to "Defendants" herein do not include defendant Department of Education, which has already answered. (ECF No. 8.) Defendants respond solely to the allegations in this complaint as they relate to them and not to the Department of Education.

2. The Court should strike paragraph 2 as immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure 12(f) because it does not set forth claims for relief or aver facts in support of a claim. To the extent a response is required, and to the extent the allegations in paragraph 2 seek to provide background facts in support of allegations of public interest, Defendants lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.

3. The Court should strike paragraph 3 as immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure 12(f) because it does not set forth claims for relief or aver facts in support of a claim. To the extent a response is required, and to the extent the allegations in paragraph 3 seek to provide background facts in support of allegations of public interest, Defendants lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3. The footnote to paragraph 3 is a legal conclusion, to which no response is required; to the extent a response is required, denied.

## JURISDICTION AND VENUE

4. Paragraph 4 consists of conclusions of law regarding jurisdiction, to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction over claims involving proper FOIA requests, subject to the terms, conditions, and limitations of the FOIA. Defendants deny that the Declaratory Judgment Act affords this Court any independent source of jurisdiction and denies that this Court has jurisdiction over this action pursuant to that statute.

5. Paragraph 5 consists of conclusions of law regarding venue, to which no response is required. To the extent a response is required, Defendants admit the allegations in paragraph 5.

6. Paragraph 6 consists of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 6.

**PARTIES**

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in the third sentence of paragraph 8. Defendants admit the remaining allegations in paragraph 8.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in the final sentence of paragraph 9. Defendants admit the first sentence of paragraph 9.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

**STATEMENT OF FACTS**

11. The Court should strike paragraph 11 as impertinent and immaterial matters pursuant to Federal Rule of Civil Procedure 12(f) because it does not set forth a claim for relief or aver facts in support of a claim. To the extent a response is required, and to the extent the allegations in paragraph 11 seek to provide background facts in support of allegations of public interest, Defendants lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. Otherwise,

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12. The Court should strike paragraph 12 as impertinent and immaterial matters pursuant to Federal Rule of Civil Procedure 12(f) because it does not set forth a claim for relief or aver facts in support of a claim. To the extent a response is required, and to the extent the allegations in paragraph 12 seek to provide background facts in support of allegations of public interest, Defendants lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. The Court should strike paragraph 13 as impertinent and immaterial matters pursuant to Federal Rule of Civil Procedure 12(f) because it does not set forth a claim for relief or aver facts in support of a claim. To the extent a response is required, and to the extent the allegations in paragraph 13 seek to provide background facts in support of allegations of public interest, Defendants lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. The Court should strike paragraph 14 as impertinent and immaterial matters pursuant to Federal Rule of Civil Procedure 12(f) because it does not set forth a claim for relief or aver facts in support of a claim. To the extent a response is required, and to the extent the allegations in paragraph 14 seek to provide background facts in support of allegations of public interest, Defendants lack knowledge or information sufficient to form a belief as to the existence

or extent of any public interest, including as compared to any countervailing interests. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15.     The Court should strike paragraph 15 as impertinent or immaterial matters pursuant to Federal Rule of Civil Procedure 12(f) because it does not set forth claims for relief or aver facts in support of a claim. To the extent a response is required, and to the extent the allegations in paragraph 15 seek to provide background facts in support of allegations of public interest, Defendants lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. Otherwise, Defendants admit that the cited source discusses the Service and the tax-exempt status of Harvard University.

16.     Defendants admit that Plaintiff submitted a FOIA request to the Service dated April 17, 2025. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 16.

17.     The Court should strike paragraph 17 as impertinent and immaterial matters pursuant to Federal Rule of Civil Procedure 12(f) because it does not set forth a claim for relief or aver facts in support of a claim. To the extent a response is required, and to the extent the allegations in paragraph 17 seek to provide background facts in support of allegations of public interest, Defendants lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.     The Court should strike paragraph 18 as impertinent and immaterial matters pursuant to Federal Rule of Civil Procedure 12(f) because it does not set forth a claim for relief or aver facts in support of a claim. To the extent a response is required, and to the extent the allegations in paragraph 18 seek to provide background facts in support of allegations of public interest, Defendants lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. Otherwise, Defendants admit that the source cited in paragraph 18 reports that lawyers for the Service are exploring rule changes related to decisions about tax-exempt status for nonprofit organizations but deny that the source cited in paragraph 18 reports that such exploration is "pursuant to directives from Trump administration officials[.]"

19.     Paragraph 19 consists of conclusions of law to which no response is required. Further, the Court should strike paragraph 19 as immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure 12(f) because it does not set forth claims for relief or aver facts in support of a claim. To the extent a response is required, Defendants admit that paragraph 19 accurately quotes the cited statute.

20.     Paragraph 20 is a conclusion of law to which no response is required. Further, the Court should strike paragraph 20 as immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure 12(f) because it does not set forth claims for relief or aver facts in support of a claim. To the extent a response is required, and to the extent the allegations in paragraph 20 seek to provide background facts in support of allegations of public interest, Defendants lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. Finally, Defendants aver that any

such records, if they exist, would be exempt from disclosure pursuant to FOIA Exemption 3 in conjunction with 26 U.S.C. § 6103.

21. The Court should strike paragraph 21 as immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure 12(f) because it does not set forth claims for relief or aver facts in support of a claim. To the extent a response is required, and to the extent the allegations in paragraph 21 seek to provide background facts in support of allegations of public interest, Defendants lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. Otherwise, Defendants admit the allegations of paragraph 21 to the extent that they are consistent with the text of the source referenced therein, which speaks for itself and is the best evidence of its contents, otherwise denies.

22. The Court should strike paragraph 22 as immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure 12(f) because it does not set forth claims for relief or aver facts in support of a claim. To the extent a response is required, and to the extent the allegations in paragraph 22 seek to provide background facts in support of allegations of public interest, Defendants lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. Otherwise, Defendants admit the allegations of paragraph 22 to the extent that they are consistent with the text of the source referenced therein, which speaks for itself and is the best evidence of its contents, otherwise denies.

23. The Court should strike paragraph 23 as immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure 12(f) because it does not set forth claims for relief or aver facts in support of a claim. To the extent a response is required, and to the extent the

allegations in paragraph 23 seek to provide background facts in support of allegations of public interest, Defendants lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. Otherwise, Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24. Defendants admit that Plaintiff submitted a FOIA request to the Service requesting expedited processing. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24.

### *IRS FOIA*

25. Admitted.

26. Admitted.

27. Admitted.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. Admitted.

30. Admitted.

31. Admitted.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33. Admitted.

34. Admitted.

35. Paragraph 35 consists of legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations in paragraph 35.

36. Admitted.

37. Denied.

### *Education FOIA*

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

### *Exhaustion of Administrative Remedies*

43. Paragraph 43 consists of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 43.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

### COUNT I – as to all Defendants
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

46. Defendants repeat the answers to the foregoing paragraphs and incorporate them as though fully set forth herein.

47. Paragraph 47 consists of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 47.

48. Paragraph 48 consists of conclusions of law to which no response is required; to the extent a response is required, Defendants admit that they are agencies within the meaning of the FOIA but deny that they must make reasonable efforts to search for records responsive to Plaintiff's request.

49. Paragraph 49 consists of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 49.

50. Paragraph 50 consists of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 50.

51. Paragraph 51 consists of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 51 and further deny that Plaintiff is entitled to any relief whatsoever.

### COUNT II – as to all Defendants
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

52. Defendants repeat the answers to the foregoing paragraphs and incorporate them as though fully set forth herein.

53. Paragraph 53 consists of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 53.

54. Paragraph 54 consists of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 54.

55. Paragraph 55 consists of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 55.

56. Paragraph 56 consists of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 56.

57. Paragraph 57 consists of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 57.

**COUNT III – as to Defendant Education**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Grant Expedited Processing**

58. Defendants repeat the answers to the foregoing paragraphs and incorporate them as though fully set forth herein.

59. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59.

60. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60.

61. Paragraph 61 consists of conclusions of law to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's complaint should be stricken for failure to comply with Federal Rule of Civil Procedure 8 and Local Civil Rule 5.1(d). Federal Rule 8 requires that "[e]ach allegation must be simple, concise, and direct" and offer "a short and plain statement of the claim." Fed. R. Civ. P.

8(a)(2); (d)(1). Failure to comply with Rule 8 is grounds for striking. *See Mich. Immigr Rts. Ctr. v. Dep' of Homeland Sec.*, No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (striking background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiff's complaint that they would not otherwise be required to answer, and that are not material to Plaintiff's FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Justice*, No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of "background facts" because "allegations are irrelevant to the validity of [his] FOIA claims.").

Plaintiff's complaint also violates the Local Rules of this Court, which direct that footnotes "shall not be excessive[.]" LCvR 5.1(d). Plaintiff's complaint contains sixteen footnotes spanning sixty-two aggregate lines of text.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot compel production of records exempt from disclosure under the FOIA, 5 U.S.C. § 552(b).

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks records and information comprising third-party tax return information, Plaintiff has failed to state a claim upon which relief can be granted, because such records and information are categorically exempt from disclosure under FOIA exemption 3, 5 U.S.C. § 552(b)(3), in conjunction with 26 U.S.C. § 6103.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is neither eligible for, nor entitled to, an award of attorneys' fees and costs.

**FIFTH AFFIRMATIVE DEFENSE**

The Service is entitled to additional time to complete its review of the records under the FOIA, 5 U.S.C. § 552(a)(6)(C), including by a stay of this case.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to exhaust its administrative remedies.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to any relief beyond what the FOIA provides.

Dated: February 13, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General,
Tax Litigation Branch

*/s/ Robert J. Atras*
ROBERT J. ATRAS
Trial Attorney, Civil Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 598-3738
Fax: (202) 514-6866
Robert.J.Atras@usdoj.gov
*Counsel to Defendant Internal Revenue Service*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of February 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties registered in that system, including the following:

**Emma Lewis**
Emma.Lewis@americanoversight.org
*Counsel for Plaintiff*

                                    */s/ Robert J. Atras*
                                    Robert J. Atras
                                    Trial Attorney
                                    U.S. Department of Justice